KIRK et al. v. HARJO CONSOLIDATED SCHOOL DIST. NO. 5, POTTAWATOMIE COUNTY, et al.

No. 33120. June 1, 1948.

Rehearing Denied June 18, 1948.

*196 P. 2d 854.*

Randall Pitman, of Shawnee, for plaintiffs in error.

Reily, Reily & Spurr, of Shawnee, for defendants in error.

GIBSON, J. This is an injunction action brought by plaintiffs in error,

408

as plaintiffs, against defendants in error, and others, as defendants, to prevent the issuance and sale of a bond issue of Harjo consolidated school district No. 5, Pottawatomie county, the proceeds of which were to be used for the purchase of transportation equipment for said district.

The trial court denied plaintiffs' petition and they appeal.

The basis of the complaint is that the petition therefor, upon which the election was ordered, was signed by less than one-third of the qualified electors of such district, which proportion is necessary to the validity of such petition under Tit. 70, O. S. 1941 §523.

The petition was signed by 73 persons whose qualifications as electors are not questioned. It was stipulated that certain persons, totaling 211, were qualified electors, and evidence was introduced concerning the qualifications of many others. The court's finding for defendants was general. It is conceded by defendants that the evidence establishes the qualifications of three others, thus making a total of 214 persons whose qualifications are not questioned.

We have carefully considered the evidence and find that it sustains the qualifications as electors of four other persons and, with one possible exception, the qualifications of the remainder or any of them are not supported by the evidence. The one in question is Percy Lee Chambers, son of Percy Chambers. The father is a director of the school board and for years a resident of the district. The son during his minority and while residing with the father was inducted into the armed services and had not returned from overseas at the time of the trial. The evidence discloses that he became 21 years of age April 15, 1946, 30 days before the election. However, we deem the question of his qualifications immaterial here, because if we indulge the presumption that he is still a resident of the district and thus qualified it would not change the result. The addition of him to the three conceded and four proven would be but

eight, which added to 211 would aggregate only 219 of which the 73 petitioners would be one-third and thus the validity of the election is sustained.

The judgment of the trial court not being against the clear weight of the evidence, the same is affirmed.

HURST, C.J., and WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur.